UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-21164-Civ-COOKE-BANDSTRA

LAURENCE E. CURRAN, III., P.A.,

    Plaintiff

vs.

HINDU CREDIT UNION CO-OPERATIVE
SOCIETY LTD., *et al.*,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT HINDU CREDIT UNION CO-OPERATIVE SOCIETY LTD.'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before me on Defendant Hindu Credit Union Co-Operative Society Ltd.'s Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support of the Motion (ECF No. 25), which I have converted into a Motion for Summary Judgment. On March 3, 2011, I notified the parties of my intention to convert the Defendant's motion to dismiss into a motion for summary judgment and provided ten days for the parties to submit any additional evidence in support or in opposition to the merits. (ECF No. 35). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Defendant's Motion for Summary Judgment is granted in part and denied in part.

### I. BACKGROUND

This is an action based on breach of contract and liability for commercial debts. Plaintiff, Laurence E. Curran, III, P.A. d/b/a Curran & Associates, alleges that Defendant Hindu Credit Union Co-Operative Society Ltd. ("HCU") retained him in November 2003 to provide legal

counsel with regard to a loan to HCU from BAC Florida Bank for the purchase of television equipment from Harris Corp. Compl. ¶ 6.

Plaintiff was subsequently retained by HCU to provide legal counsel with regard to other projects in 2006, 2007, and 2008. Compl. ¶¶ 7-14. Plaintiff alleges that he timely submitted invoices for professional services rendered to HCU, but certain of these invoices remained unpaid. Compl. ¶ 15. Plaintiff claims that HCU owes a sum of $60,703.75 for the unpaid invoices. Compl. ¶ 24. Count I of the Plaintiff's Complaint concerns these unpaid invoices.

Additionally, Plaintiff alleges that, on April 14, 2008, Plaintiff entered into an agreement with HCU to effect the sale of the television equipment purchased by HCU from Harris Corp. in 2003. Compl. ¶ 25. According to the Plaintiff's Complaint, the terms of the agreement between Plaintiff and HCU provided that HCU would pay to Plaintiff 10% of any sale price if the equipment was sold for under $5.5 million plus $10,000. *Id*. Plaintiff alleges that, through his efforts, the television equipment was sold for $750,000. Compl. ¶ 26. Plaintiff therefore claims that, pursuant to his agreement with HCU, HCU owes Plaintiff a sum of $85,000—$75,000 (10% of $750,000) plus $10,000—for services rendered in connection with this sale. Compl. ¶ 27. Plaintiff alleges that HCU has failed to make this payment. Compl. ¶ 39. Count II of the Plaintiff's Complaint alleges a breach of contract cause of action entitling Plaintiff to recover a total of $145,703.75, which is the sum of Plaintiff's unpaid invoices and unpaid consideration under the parties' April 14, 2008 agreement. Compl. ¶ 42.

Defendant HCU filed a motion to dismiss Plaintiff's Complaint, which I converted into a motion for summary judgment, requesting that this Court abstain from the exercise of its jurisdiction based on the doctrine of international comity. In support of its motion, HCU provides two affidavits of Ramdath Dave Rampersand, who has been appointed as the Liquidator

of HCU. Mr. Rampersand avers that the Commissioner for Co-operative Development under the Co-operative Societies Act of the Laws of Trinidad of Tobago has ordered that HCU be wound up. Jul. 23, 2010 Rampersand Aff. ¶ 2. The Commissioner has appointed Mr. Rampersand to oversee the liquidation process. *Id*. ¶ 3; Order of Commissioner, Exh. A to Jul. 23, 2010 Rampersand Aff. Mr. Rampersand states that on October 29, 2008, he published a notice requiring that all creditors submit their claims against HCU on or before December 29, 2008. Jul. 23, 2010 Rampersand Aff. ¶ 4. On around December 15, 2008, Plaintiff submitted a claim for $85,000 for legal services rendered to HCU. *Id*. ¶ 5. The liquidation proceedings in Trinidad and Tobago are temporarily stayed pending an administrative appeal. *Id*. ¶ 6. Accordingly, HCU asks that I dismiss or stay Plaintiff's Complaint pending the resolution of the liquidation proceedings in Trinidad and Tobago.

## II. LEGAL STANDARDS

### A. Review on Motion for Summary Judgment

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial . . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate

specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).  Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").

The Court must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue material fact remains.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).  A court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007).

### B.  Doctrine of International Comity

International comity is "the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws."  *See Turner Entertainment Co. v. Degeto Film GmbH*, 25 F.3d 1512, 1519 (11th Cir. 1994) (quoting *Hilton v. Guyot*, 159 U.S. 113, 163-64 (1895)).

The doctrine of international comity may be applied retrospectively or prospectively.  A court conducts a prospective analysis when considering whether to dismiss or stay a domestic action where a judgment has not yet been reached in the foreign forum.  In analyzing a case for prospective application of international comity, federal courts "evaluate several factors,

including the strength of the United States' interest in using a federal forum, the strength of the foreign governments' interests, and the adequacy of the alternative forum." *Ungaro-Benages v. Dresdner Bank AG*, 379 F.3d 1227, 1238 (11th Cir. 2004).  A court's determination of the last factor—the adequacy of the alternative forum—is informed by a *forum non conveniens* analysis. *Id*.

Thus, although federal courts have a "virtually unflagging obligation" to exercise their jurisdiction, in some private international disputes it is "prudent and just" for a federal court to abstain from the exercise of its jurisdiction because of concurrent proceedings in another jurisdiction.  *See Turner Entertainment Co.*, 25 F.3d at 1519 (citing *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976)).  A court has the power to dismiss or stay a case based on abstention principles regardless of whether the relief sought is equitable or legal and non-equitable.  *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1222 (11th Cir. 1999) (holding, as a matter of first impression, that legal, non-equitable claims may be dismissed or stayed on grounds of international comity abstention).

In particular, the existence of foreign bankruptcy proceedings has been recognized as "one discrete category of foreign litigation that generally requires the dismissal of parallel district court actions."  *Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 92-93 (2d Cir. 2006) (noting that it is "the general practice of American courts [to] regularly defer[] to such actions").  Abstention where a foreign bankruptcy proceeding is pending reflects the recognition that "a foreign nation's interest in the equitable and orderly distribution of a debtor's property is an interest deserving of particular respect and deference." *Id*. (internal quotation marks omitted).  A U.S. court will therefore afford comity to a foreign

5

bankruptcy proceeding as long as the proceeding abides by "fundamental standards of procedural fairness." *Allstate Life Ins. Co. v. Linter Group Ltd.*, 996 F.2d 996, 999 (2d Cir. 1993).

### III. ANALYSIS

#### A. No Issues of Material Fact Exist as to the Existence of Foreign Bankruptcy Proceedings

It is undisputed that there is a pending parallel bankruptcy proceeding in Trindad and Tobago. Both parties agree that the bankruptcy proceedings began before this action was filed, and Plaintiff filed a claim in that foreign bankruptcy proceeding before filing the present action. Because no issues of material fact exist as to the existence of the pending foreign bankruptcy proceeding, I will consider whether it is appropriate to abstain from jurisdiction in this case.

#### B. Relative Strengths of the United States' Interest in Using a Federal Forum and the Foreign Governments' Interests

A court must analyze the relative strengths of the two countries' interests when determining whether abstention is proper. *See Turner Entertainment Co.*, 25 F.3d at 1521. As Plaintiff notes, the sales transaction underlying Plaintiff's claim and the services rendered in this case occurred in the United States. Compl. ¶¶ 6, 9, 13-14. Plaintiff is a Florida resident. Compl. ¶ 3. The United States has an interest in adjudicating domestic claims that involve U.S. citizens.

The defendant in this action is a business operating and existing under the laws of the Republic of Trinidad and Tobago. Compl. ¶ 4. Defendant's principal place of business is located in Trinidad and Tobago. Compl. ¶ 4. Significantly, in this case the following facts are undisputed: there is a pending parallel bankruptcy proceeding in Trindad and Tobago that will resolve the Plaintiff's dispute; the bankruptcy proceedings began before this action was filed; and Plaintiff filed a claim in that foreign bankruptcy proceeding before filing the present action.

U.S. courts have "consistently recognized the interest of foreign courts in liquidating or winding up the affairs of their own domestic business entities." *Cunard S.S. Co. v. Salen Reefer Servs. AB*, 773 F.2d 452, 458 (2d Cir. 1985). The extension of comity where a foreign bankruptcy proceeding is pending "enables the assets of a debtor to be dispersed in an equitable, orderly, and systematic manner, rather than a haphazard, erratic or piecemeal fashion." *Daewoo Motor Am., Inc. v. Gen. Motors Corp.*, 459 F.3d 1249, 1258 (11th Cir. 2006).

The Republic of Trinidad and Tobago has a strong interest in winding up the affairs of its domestic business entity, HCU. The bankruptcy proceeding in Trinidad and Tobago would permit HCU's assets to be dispersed in an equitable, orderly, and systematic manner, without interference from a possibly inconsistent judgment from this Court. Here, the relative strength of the foreign government's interests weigh in favor of abstention.

**C. Adequacy of the Alternative Forum**

A court's determination of the adequacy of the alternative forum is informed by a *forum non conveniens* analysis. *Ungaro-Benages*, 379 F.3d at 1238. Under the *forum non conveniens* analytic framework, the defendant has the burden of showing that an adequate alternative forum is available. *Leon v. Million Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001). An alternative forum is "available" to a plaintiff when a foreign court may assert jurisdiction over the dispute. *Id.* (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-62 (1981)). An alternative forum is "adequate" where it offers at least some relief. *Id*. The alternative forum, however, "need not be a perfect forum." *Id*. at 1312. The existence of "some inconvenience" will not render the alternative forum inadequate, but a forum may be inadequate if it will present "extreme amounts of partiality or inefficiency." *Id*.

After reviewing the evidence submitted by the parties, I find that there is no genuine issue of material fact with respect to whether the Trinidadian bankruptcy proceedings constitute an adequate alternative forum that is available to Plaintiff. HCU has submitted evidence that the Commissioner for Co-operative Development has already asserted jurisdiction over this dispute. *See* Mar. 2, 2011 Rampersad Aff. ¶ 4. Moreover, Plaintiff has already availed himself of the bankruptcy proceedings that are ongoing in Trinidad and Tobago. The foreign proceedings are clearly available to Plaintiff. HCU also provides evidence that the Liquidator has taken immediate possession of HCU's assets, and will dispose of these assets to facilitate the payment of HCU's creditors. Mar. 2, 2011 Rampersad Aff. ¶¶ 4, 5. The payment of the claims will be based on an order of priority determined by the Liquidator. *Id*. ¶ 6. The Liquidator's decision is subject to approval by the Commissioner and subject to review by the Supreme Court of Judicature of Trinidad and Tobago. *Id*. Plaintiff does not dispute these facts. Plaintiff argues, however, that the Trinidadian bankruptcy proceedings provide an inadequate forum because they are partial and inefficient.[1] Plaintiff points to articles that suggest that the Trinidadian government is considering a bailout package for shareholders and members of HCU. See Exhs. 1-3 to Pl's Supp. Brief. The articles do not make any statements, however, that would reflect "extreme amounts of partiality or inefficiency." In these economic times, bailouts have become more common in a number of countries, including the United States. It is not necessarily an indicator of partiality or inefficiency of the courts.

---

[1] Plaintiff attaches several newspaper articles in support of his arguments. Defendant states I should strike these articles and disregard them because they do not constitute admissible evidence that may be considered on summary judgment. Such materials, however, are appropriate when submitted "by a non-moving party in opposition to the motion for summary judgment." *Church of Scientology Flag Serv. Org., Inc. v. City of Clearwater*, 2 F.3d 1514, 1530 (11th Cir. 1993) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 319, 324 (1986)).

### D. Due Process and Fundamental Fairness

A U.S. court will afford comity to a foreign bankruptcy proceeding only if the proceeding abides by "fundamental standards of procedural fairness." *Allstate Life Ins. Co.*, 994 F.2d at 999. Where foreign bankruptcy proceedings are pending, a court should consider the following factors as "indicia of procedural fairness":

> (1) whether creditors of the same class are treated equally in the distribution of assets; (2) whether the liquidators are considered fiduciaries and are held accountable to the court; (3) whether creditors have the right to submit claims which, if denied, can be submitted to a bankruptcy court for adjudication; (4) whether the liquidators are required to give notice to the debtors potential claimants; (5) whether there are provisions for creditors meetings; (6) whether a foreign country's insolvency laws favor its own citizens; (7) whether all assets are marshalled before one body for centralized distribution; and (8) whether there are provisions for an automatic stay and for the lifting of such stays to facilitate the centralization of claims.

*Id.*

Defendant HCU has provided sufficient evidence that the Trinidadian bankruptcy proceedings comport with fundamental standards of procedural fairness. Under the Co-Operative Societies Act (the "Act"), all creditors of the same class, whether local or foreign, must be treated equally in the liquidation process. Mar. 2, 2011 Rampersad Aff. ¶ 9. Thus, the law treats all creditors in the same class equally. *Id*. The liquidator has a duty to conduct the liquidation of assets in a manner that is not malicious, excessive, or negligent. *Id*. ¶ 3. The liquidator also has a fiduciary responsibility to the Commissioner, HCU's creditors (including Plaintiff), and HCU's shareholders and depositors. *Id*.

The Act requires that the liquidator publish a notice to the potential claimants. *Id*. ¶ 8. On October 29, 2008, Mr. Rampersad published a notice requiring that all creditors submit their claims against HCU on or before December 29, 2008. Jul. 23, 2010 Rampersand Aff. ¶ 4.

All assets are marshaled before the Commissioner for centralized distribution. *Id*. ¶¶ 5, 6. Under the Act, a creditor who is dissatisfied with a decision of the Commissioner may challenge the decision in the High Court of Justice. *Id*. ¶ 7. Once the Commissioner orders that a society be wound up, no other legal proceedings can be brought against the society absent express leave of the Commissioner. *Id*. ¶ 10.

As Plaintiff points out, the Trinidadian proceedings are not exactly like bankruptcy proceedings in the United States. However, "there is no requirement that [foreign] liquidation proceedings be identical to the United States bankruptcy proceedings." *Allstate Life Ins. Co.*, 994 F.2d at 999. The evidence presented indicates that the Trinidadian proceedings generally comport with fundamental standards of procedural fairness. The facts of this case indicate that the doctrine of abstention is appropriate here; therefore, this action is stayed.[2]

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Defendant Hindu Credit Union Co-Operative Society Ltd.'s Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support of the Motion (ECF No. 25), converted into a Motion for Summary Judgment (ECF No. 35) is **GRANTED in part and DENIED in part**. All proceedings in this matter are **STAYED** pending resolution of the parallel proceedings in Trinidad and Tobago. The Clerk is directed to *administratively* **CLOSE** this case.

**DONE and ORDERED** in chambers, at Miami, Florida, this 25th day of March 2011.

---

[2] The Eleventh Circuit has indicated that a stay is the more appropriate treatment of a claim where a foreign jurisdiction is conducting parallel proceedings. *Posner*, 178 F.3d at 1223 n.25 (reversing the dismissal of claims, and stating that a stay pending the resolution of parallel foreign proceedings comports with the Eleventh Circuit's jurisprudence in this area).

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*